IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|                                                         ) | |
|           Plaintiff,                         ) | 8:06CR176 |
|                                                         ) | |
| vs.                                                   ) | REPORT AND |
|                                                         ) | RECOMMENDATION |
| DOUGLAS C. JOHNSON,                ) | |
|                                                         ) | |
|           Defendant.                     ) | |

This matter is before the court on the defendant Douglas C. Johnson's (Johnson) Objection to Proposed Restitution List (Filing No. 23). On November 22, 2006, the court entered a judgment in a criminal case against Johnson. **See** Filing No. 14. Johnson pleaded guilty to mail fraud in violation of 18 U.S.C. § 1341, as contained in Count 1 of the Information filed on August 10, 2006. ***Id.***

The offense is described as beginning on or about January 2002 and continuing through 2005, whereby Johnson devised and implemented a scheme to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises from numerous investors. **See** Filing No. 1. Further, Johnson, who had provided tax and accounting services, solicited his clients and other investors into "investment clubs" promising specific rates of return. ***Id.*** Rather than invest the money, Johnson used the money for himself. ***Id.*** Johnson received between $1 million and $2.5 million from investors. ***Id.*** During the course of the scheme, Johnson used the U.S. mails for solicitation and to inform investors of purported investment earnings. ***Id.*** In the Petition to Entry a Plea of Guilty, Johnson admitted he "made misrepresentations to some individuals concerning promissory notes and promises to repay with interest." **See** Filing No. 4.

The November 22, 2006 Judgment included a provision for restitution stating:

> Restitution in an amount to be determined will be ordered by separate order after December 31, 2006. Claims to be submitted to the United States Probation Office or the United States Attorney by December 31, 2006. Claims shall include documentation for losses incurred at or after January 1, 2002

> as part of alleged conspiracy. Disputes will be resolved after recommendation to me by Magistrate Judge Thomas D. Thalken.

**See** Filing No. 14, p. 5.

On February 15, 2007, the government filed a proposed restitution list (Filing No. 22 - Sealed), based on information received by the government from the United States Probation Office. On February 22, 2007, the defendant filed an Objection (Filing No. 23) to the proposed list. The defendant contends (a) any loss amounts should be limited to the time frame of the conviction pursuant to 18 U.S.C. § 3663A; (b) there are complex issues of fact relating to the causes or amounts of various victims' losses; (c) any restitution amount should be limited to $250,000 pursuant to 18 U.S.C. § 3663(c)(2)(B); and (d) restitution should be denied because the defendant lacks resources due to his imprisonment.

The court held a hearing regarding restitution on April 3, 2007. Johnson declined to participate in the hearing by telephone and was not present. Johnson was represented by court-appointed counsel, Alan G. Stoler. The United States was represented by Assistant U.S. Attorney Michael P. Norris. The court heard the testimony of seven individuals seeking restitution: Dan Dolan, Ricky A. Gray, Kathy Keenan, Carla Hawkins, Neil Arborgast, Don Brown and Ron Masek. The court received into evidence a copy of documents related to 2002-2007 claims (Exhibit 1); documents related to claims before 2002 or undocumented claims (Exhibit 2); letters from various claimants (Exhibit 3); documents related to judgments against Johnson (Exhibit 4); and Hawkins' documents (Exhibit 5). A transcript (TR.) of the hearing was filed on April 11, 2007 (Filing No. 31), at which time the issue was deemed submitted. There was no post-hearing briefing.

## FINDINGS OF FACT

The following claimants made investments with or entrusted money to the defendant prior to January 2002, although some of these claimants received partial return payments, or agreements to pay, after that time: Neville and Dorothy Anson, Edward Daniel Dolan,

Ron and Rhonda Cardey, Marianne Fredenburg, Carla Hawkins[1], Walter and Jacqueline Perry, Bruce and Diane Shedd, Donald and Jean Sitzler. Accordingly, these claimants should not be considered for restitution under the defendant's sentence. Similarly, several claimants who made claims for restitution pursuant to the defendant's November 22, 2006 Judgment have claims which do not fall within the parameters for restitution as ordered, or did not provide enough information for the court to determine eligibility. For that reason, the following claimants should not be considered eligible to receive restitution under the defendant's current sentence: Carl Arndt, Don Brown, Douglas and Eleanor Chappelear, Carter Lake Community Church, JoAnn Congdon, Wallace Curd, John and Shirley Garrett, Rick Gray, Stephen Harrison, James Hawkins, Charles and Marjorie Hayes, Kirk Hendrix, Twila Holderfield, Junction Corner, Kathleen Keenan, Dorothy Kramer, Brandi Lawler, Patrick and Danette Lodes, Carl Longstreth, Spence Mack, Ron Masek, Karen McMurray, Dolores Miller, Rick and Lynne Murray, Teri Olson, Ricky Redlinger, Mark Ryan, Maxine Scheschy, Carl Teadtke, Carl Tegma, Karl Tegtmeyer, Tommy's Tires & Custom Wheels, Inc., Irene Wrich, and Lyla Zavitz.

The court makes the following findings with regard to the remaining claimants:

Sally Grice invested $59,865.90 with the defendant from May 21, 2003 through June 21, 2005.

James Sledge invested $5,000 into OLDS Investment Club with the defendant on September 30, 2004.

Theresa Buchanan invested $26,000 with the defendant between February 12, 2002 and March 2, 2004. Ms. Buchanan's investments prior to January 1, 2002, should not be considered for restitution in this matter.

Shirley Potter made an investment with the defendant on August 26, 2002. Ms. Potter did make some withdrawals from her initial investment, but did not receive $57,770 of the initial investment in return.

---

[1]Guardian of Phyllis K. Arndt.

Shirley Lichty invested $10,000 with the defendant into the OLDS investment club on August 10, 2004, and never made any withdrawals from the investment. Ms. Lichty's investments prior to January 1, 2002, should not be considered for restitution in this matter.

Darrell Forbes made an investment with the defendant on May 17, 2005. Mr. Forbes did receive some money from the defendant, but did not receive $8,325 of the initial investment.

George and Shari Macht invested $13,767.19 with the defendant on August 15, 2005.

Cindy M. (Siford) Sand invested $2,000 with the defendant on April 3, 2003, in an investment club account.

Robert C. Peterson and Janie R. Peterson invested $17,697 with the defendant after January 3, 2002. The Peterson's investments prior to January 1, 2002, should not be considered for restitution in this matter, nor should the withdrawals made from the earlier investments.

Donald D. Dohse invested $30,000 with the defendant between June 25, 2002 and January 30, 2004, investing into a "money club." Mr. Dohse did not receive any of the funds in return.

Mavis P. Malstead made an investment with the defendant in 2002. Ms. Malstead did receive some money from the defendant, but did not receive $5,102 of the initial investment.

Donna Johns made investments with the defendant in November 2002 and May 2003 for investment clubs. Ms. Johns did make some withdrawals from the account, but did not receive $37,000 of the initial investments.

Linda D. Humphrey invested $30,500 with the defendant in February of 2004 and March of 2005. Ms. Humphrey's investment prior to January 1, 2002, should not be considered for restitution in this matter.

Richard Speth made an investment with the defendant in May 2005. Mr. Speth did receive some of the money in return, but did not receive $4,000 of the initial investment.

Randy and Jenny Elbracht made investments with the defendant in 2004 and 2005. The Elbracht's did receive some of the money in return, but did not receive $6,400 of their investments.

Gladys Sternberg Janda and Frank D. Janda made an investment with the defendant on July 15, 2005, into the OLDS Investment Club. The Jandas did receive some of the investment back from the defendant, however they did not receive $7,400 of their initial investment.

Sheila and Arben Howe made an investment with the defendant on January 29, 2002. The Howes did receive some withdrawals, but did not receive $30,000 of their initial investment.

George Slenker made investments in the amount of $36,000, with the defendant on September 3, 2003 and November 20, 2004, into investment clubs.

Steven Spring and Sue Ann R. (Spring) Saltarelli invested $113,253.91 with the defendant in September 2004 and January 2005, into investment club accounts.

Georgia Nelson entrusted the defendant with money for investments, but did not receive $25,531.74 of her initial in return.

## ANALYSIS

### A.   Limitation to Time Frame of Conviction

The defendant asserts the losses should be limited to losses occurring for the time frame of the conviction as provided by 18 U.S.C. § 3663A. In any event, during sentencing Chief Judge Bataillon limited restitution to losses incurred within the dates in the Information, January 2002 through 2005. **See** Filing No. 19 - Sentencing Tr. p. 20. Accordingly, restitution will be limited to those victims' losses incurred within the dates in the Information, January 2002 through 2005. Although many of the victims entrusted the defendant with money outside the those dates or were still owed money after January 1, 2002, the court cannot consider such victims' losses.

Although the court is unable, under the law, to award each of the claimants restitution in this case, the court appreciates the offensive and distasteful effects of the

defendant's conduct. The limited number of claimants and amount of restitution in the proposed order does not reflect the severity of the defendant's action.

Based on the findings above, the undersigned magistrate judge recommends the following restitution be ordered:

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| Theresa Buchanan | $26,000.00 | $26,000.00 |
| Donald Dohse | $30,000.00 | $30,000.00 |
| Randy and Jenny Elbracht | $6,400.00 | $6,400.00 |
| Darrell Forbes | $8,325.00 | $8,325.00 |
| Sally Grice | $59,865.90 | $59,865.90 |
| Sheila and Arlen Howe | $30,000.00 | $30,000.00 |
| Linda Humphrey | $30,500.00 | $30,500.00 |
| Gladys Sternberg Janda and Frank Janda | $7,400.00 | $7,400.00 |
| Donna Johns | $37,000.00 | $37,000.00 |
| Robert and Janie Peterson | $17,697.00 | $17,697.00 |
| Shirley Potter | $57,770.00 | $57,770.00 |
| Shirley Lichty | $10,000.00 | $10,000.00 |
| George and Shari Macht | $13,767.19 | $13,767.19 |
| Mavis Malstead | $5,102.00 | $5,102.00 |
| Georgia Nelson | $25,531.74 | $25,531.74 |
| Cindy Sand | $2,000.00 | $2,000.00 |
| James Sledge | $5,000.00 | $5,000.00 |
| George Slenker | $36,000.00 | $36,000.00 |
| Richard Speth | $4,000.00 | $4,000.00 |
| Steven Spring and Sue Ann (Spring) Saltarelli | $113,253.91 | $113,253.91 |
| **Totals** | $525,612.74 | $525,612.74 |

**B.     Limitation of Restitution to $ 250,000**

The defendant argues restitution should be limited to $250,000 pursuant to 18 U.S.C. § 3663(c)(2)(B), which provides: "In no case shall the amount of restitution ordered under this subsection exceed the amount of the fine which may be ordered for the offense charged in the case." 18 U.S.C. § 3663(c)(2)(B). The amount of the fine which may be ordered under 18 U.S.C. § 1341 for mail fraud, under the circumstances of the defendant's conviction, is $250,000. **See** 18 U.S.C. §§ 1341 and 3571(b)(3). However, § 3663(c)(2)(B) is inapplicable to the defendant's case. Subsection 3663(c) relates only to restitution for criminal defendants for whom there is no identifiable victim. Under such circumstances, restitution may still be ordered and made payable to certain State entities. Because there are identifiable victims with regard to the defendant's offensive conduct, § 3663(c) and therefore § 3663(c)(2)(B), does not limit the amount of restitution which may be ordered. Accordingly, the defendant's objection to restitution in an amount greater than $ 250,000 should be overruled. The restitution amount is limited, however. During sentencing, Chief Judge Bataillon determined "the restitution amount that the court has is $1,871,801.67. And the court will find that that's a ceiling for restitution at this juncture." **See** Filing No. 19 - Sentencing Tr. 19-20.

**D.     Defendant's Resources**

The court finds the defendant's objection to the imposition of any restitution amount based on his limited resources while incarcerated should be overruled. First, the defendant is required by the terms of the November 22, 2006 Judgment to pay any criminal monetary penalty in accordance with his ability to pay in a manner described by the Schedule of Payments. **See** Filing No. 14, p. 6. Such schedule accounts for the defendant's making payments, if necessary, following his release from prison. *Id.* Second, the court considered the defendant's financial resources prior to imposing restitution. **See** 18 U.S.C. § 3663(a)(1)(B). The purpose of the restitution hearing and this Report and Recommendation is not to determine *whether* the defendant should be required to make restitution, but the manner of distribution for the restitution already made part of the defendant's sentence. Upon consideration,

**IT IS RECOMMENDED TO JUDGE JOSEPH F. BATAILLON that:**

Douglas C. Johnson's Objection to Proposed Restitution List (Filing No. 23) be sustained, in part, and overruled, in part, and restitution should be order in the amount of $525,612.74 as more specifically described in the table above.

## ADMONITION

Pursuant to NECrimR 57.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 21st day of June, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge