IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 8:06CR176 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| DOUGLAS C. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of the defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Filing No. 37.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of the defendant's § 2255 motion.  Rule 4(b) provides:

> Initial Consideration by the Judge.  The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The record indicates that the defendant plead guilty to Count I of an Information charging the defendant with securities mail fraud in violation of 18 U.S.C. § 1341.  *See* Filing No. 7.  The court sentenced the defendant to the custody of the Bureau of Prisons for 54 months followed by 3 years supervised release. *See* Filing No. 14, Judgment in Criminal Case.  The defendant was later determined to owe $525,612.74 in restitution. *See* Filing No. 35.

In his § 2255 motion, the defendant alleges ineffective assistance of counsel because his attorney did not provide a copy of the Presentence Investigation Report (PSR)

until about ten minutes prior to his sentencing hearing. The defendant alleges that his attorney was ineffective as the attorney should have requested additional time to review the PSR and time to properly challenge several determinations contained in the PSR, including the amount of loss accountable to the defendant (which was determined after sentencing), the number victims, and the vulnerability of the victims as presented in the PSR. Further, the defendant claims he was not notified by his attorney of his restitution hearing.

It does not plainly appear from the motion and the record of prior proceedings that the defendant is not entitled to relief. Therefore, I will order the United States to respond by answer to the defendant's claims. In addition to any other matters discussed in the answer, the United States shall address whether any of the defendant's § 2255 claims are barred, for example, by waiver and/or untimeliness.

THEREFORE, IT IS ORDERED:

1.     That upon initial review, the court finds that summary dismissal of the defendant's § 2255 motion is not required; and

2.     That by September 26, 2008, the United States shall file an answer to the defendant's § 2255 motion, supported by a brief.

3.     That the defendant shall have 30 days from the filing of the government's answer and brief to file a reply brief.

DATED this 19th day of August, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge