IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:06CR176 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| DOUGLAS C. JOHNSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the defendant's motion for relief under 28 U.S.C. § 2255, Filing No. 37, and amended motion for relief under 28 U.S.C. § 2255. Filing No. 54. In his original § 2255 motion, the defendant raises four grounds for relief: (1) his sentence should be reduced because the amount of loss in the restitution order is "considerably less than the range of amounts used for the plea agreement"; (2) his sentence should be reduced because the number of victims established in the Restitution Order was fewer than the number of victims presented in the PSR; (3) his sentence should be reduced because the record fails to support an enhancement for vulnerable victims; and (4) he received ineffective assistance of counsel. Filing No. 37, Motion at 4-9. In his Amended Motion, Johnson adds a fifth claim, alleging the Restitution Order is infirm. Filing No. 54.

In response to the defendant's motion and amended motion, the government asserts that the motions are untimely or procedurally defaulted. The government contends that defendant cannot show ineffective assistance of counsel to excuse a procedural default and also disputes the merits of the defendant's motions. It asserts that the

defendant's amended motion does not relate back to his original motion for § 2255 relief and is not timely.

   I.   BACKGROUND

Mr. Johnson was charged in an information with mail fraud involving fraudulent investment schemes. Filing No. 1, Information. Pursuant to a plea agreement, he entered a plea of guilty to the charge. Filing No. 5, Plea Agreement. The parties agreed the conduct relevant to the schemes was between $1 million and $2.5 million. See *id*. at 1. The parties further agreed the relevant conduct occurred on or about January 2002, and continued through 2005. *Id.*

A Presentence Investigation Report ("PSR") was prepared. Filing No. 12, PSR. The PSR placed Mr. Johnson at a Base Offense Level 7. *Id.* at 15. The PSR recommended the application of four sentencing enhancements: a sixteen-level enhancement for the amount of loss; a four-level enhancement for number of victims; a two-level enhancement for vulnerable victims; and a two-level enhancement for abuse of a position of trust. *Id.* at 15-16. The number-of-victims enhancement was based on information provided by the Postal Inspector who investigated the case that Johnson's offense involved more than 100 but fewer than 250 victims. *Id.* at 9. After the deduction of three levels for acceptance of responsibility, the PSR calculated a total offense level of 28. *Id.* at 15. Johnson objected to his base offense level, the number of victims enhancement, the vulnerable victim enhancement, and the enhancement for abuse of a position of trust. Filing No. 10, Statement of Objections. The Revised PSR increased the total amount of restitution to $1,190,996.60. *Id*. at 16.

At a sentencing hearing on November 22, 2006, Johnson stated that he had an opportunity to review the PSR. Filing No. 19, Sentencing Transcript ("Sent. Tr.") at 4. The parties agreed that the amount of loss and number of victims calculations were correct. *Id.* at 5. The government agreed that Johnson's other objections should be sustained and the court sustained the defendant's objections to the vulnerable-victim and abuse-of-trust enhancements. *Id.* at 4-5. The court calculated the defendant's Guidelines total offense level to be 24, placing him, at criminal history category I, in a Guidelines sentencing range of 51 to 63 months. *Id.* at 5.

The record shows that the government recommended the low end of the Guidelines based on Johnson's lack of "dickering or negotiations" on the amount of loss and the fact that he "readily agreed to take on the 1 million to 2.5 million" set out in the plea agreement. *Id.* at 11,14. Defense counsel agreed to the court's understanding that the government sought restitution for amounts defrauded beginning on January 1, 2002. *Id.* at 14-15.

In sentencing the defendant, the court noted that Johnson had been involved in criminal conduct before he was charged in this case and reasoned that the defendant deserved a sentence of between four and five years.[1] *Id.* at 17. Johnson was sentenced to 54 months' incarceration. Filing No. 14, Judgment.

The court further noted that the amount of restitution alleged at the time of the hearing was $1,871,701.67 and found that the amount established a ceiling for a potential award of restitution. *Id.* at 20. The court noted that the amount included claims that

---

[1] The court's determination was based in part on the fact that Johnson had been involved in similar Ponzi-type schemes in the past and continued to conduct the fraudulent activity after having been ordered by the Banking Commissions in both Iowa and Nebraska to cease and desist the activity. Filing No. 19, Sent. Tr. at 12.

3

predated 2002 and extended the date that claims could be made in order to make sure only losses that occurred on or after January 1, 2002, were included as part of the restitution order. *Id.* at 20. The Judgment contained a provision that "Restitution in an amount to be determined will be ordered by separate order after December 31, 2006." *Id.* at 5. The restitution claim period was later extended through February 1, 2007. Filing No. 20, Order. Due to scheduling conflicts of counsel, the restitution hearing was continued to March 15, 2007. Filing No. 24, Order. On defense counsel's oral motion, the restitution hearing was continued to April 3, 2007. Filing No. 26, Order.

The government filed a proposed restitution list, based on information received from the Probation Office. Filing No. 22, Proposed Restitution List (sealed). The list included six individuals who had submitted claims but were unable to verify or document that their losses had occurred after January 1, 2002, and 12 individuals who were known to be victims but failed to provide documentation for their loss. *Id.*; Filing No. 32, Report and Recommendation ("R&R") (sealed). Through counsel, Johnson objected to the proposed restitution list. Filing No. 23.

A hearing was held on April 7, 2007, before the Honorable Thomas D. Thalken, United States Magistrate Judge. Filing No. 27, Minute Entry. Seven victims testified at the hearing. Filing No. 29, Witness List. The magistrate judge noted that Johnson had declined to be present telephonically during the hearing. *Id.*; Filing No. 32, R&R at 2. The magistrate judge recommended that restitution in the amount of $525,612.74 be ordered. Filing No. 32, R&R at 6. This court adopted the R&R and ordered restitution in the amount of $525,612,74. Filing No. 35, Order. Johnson did not appeal the judgment or sentence.

In his § 2255 motion, Johnson argues that his sentence should be vacated because the amount of restitution is considerably lower than the range used in his plea agreement and would result in the calculation of a lower Guidelines range. He also argues that the number of victims established in the restitution order were fewer than those agreed to in the plea agreement and application of a proper number-of-victims enhancement would also result in a lower sentence. He further challenges use of the vulnerable-victim enhancement. He also argues that counsel was ineffective in failing to inform him of the repercussions of his plea agreement vis-a-vis the Sentencing Guidelines. He further asserts ineffective assistance of counsel in failing to provide him notice and an opportunity to be heard at the restitution hearing. Last, Johnson contends that the Restitution Order is infirm under 18 U.S.C. § 3665(d)(5) because it was entered more that 90 days after his Sentencing.

A hearing on the § 2255 motion was held on June 25, 2009. At the hearing, Johnson testified that his counsel had not communicated with him regarding the effect of his plea agreement on the calculation of his sentence under the United States Sentencing Guidelines and had failed to provide him notice of the restitution hearing. The record shows that on February 23, 2007, the restitution hearing was continued on the court's motion. Filing No. 24, Order. The court ordered that "[t]he defendant may participate by telephone conference only. Counsel for Johnson shall file a notice of Johnson's election to participate or not on or before March 9, 2007, and shall notify the courtroom deputy to make such arrangements as are necessary for Johnson to participate by telephone conference if requested." *Id.* No such election was filed. On March 14th, on an oral motion of defense counsel, the court again continued the hearing, noting that "the

defendant will not participate in the hearing as he has not elected to participate by conference call." In the brief in support of its answer, government counsel states: "The undersigned cannot say that Johnson was advised of the continued hearing and it is quite possible that he was not." Filing No. 42, Government's Brief at 17. Johnson argues that he was harmed by his absence at the hearing in that he was unable to show that some sums had been repaid to certain claimants.

II. DISCUSSION

A. Law

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Challenges to the restitution portion of a sentence is not cognizable in a § 2255 motion because the statute affords relief only to prisoners claiming a right to be released from custody. *United States v. Bernard,* 351 F.3d 360, 361 (8th Cir. 2003). A motion involving restitution is a challenge to the execution of a sentence under 28 U.S.C. § 2241, and may only be brought in the district where a petitioner is incarcerated. *United States v. Chacon-Vega,* 262 Fed. App'x., 730, 731 (8th Cir. 2008); *Matheny v. Morrison,* 307 F.3d 709, 712 (8th Cir.2002) (holding that prisoners' challenges against a prisoner payment schedule are "correctly framed as § 2241 claims brought in the district where the sentence is being carried out").

"The failure to raise an issue on direct appeal acts to bar a petitioner from raising that issue for the first time in a section 2255 motion[.]" *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997). "This procedural default may be excused only if the

petitioner 'can show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted.'" *Id.* (internal citation omitted). Ineffective assistance of counsel is one method of showing cause sufficient to excuse a procedural default. *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991); *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Although the procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits . . . if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) (en banc).

To prevail on a claim of ineffective assistance of counsel, either as an independent claim or as cause and prejudice to excuse a procedural default, a defendant must: (1) show that counsel's representation fell below "an objective standard of reasonableness" under "prevailing norms of practice," and (2) "affirmatively prove prejudice" by showing that there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 693-94 (1984); *Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment. *United States v. Martinez-Salinas*, 573 F.3d 595, 599 (8th Cir. 2009). "A reasonable probability is one 'sufficient to undermine confidence in the outcome.'" *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir. 1996). "Prejudice requires a reasonable probability that the proceeding would have ended in a different result without counsel's errors." *Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995). When determining if prejudice exists, the

7

court "must consider the totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695.

> Under 18 U.S.C. § 3664(d)(5),
>
> If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief.

18 U.S.C. § 3664(D)(5). In addressing the authority of a district court to order restitution beyond the 90-day limit, the Eighth Circuit Court of Appeals has held that "[i]n light of Congress' clear intent to effectuate important public policy," the requirement that a court "shall" enter an order within 90 days does not operate to "divest the court of authority to order restitution if the timing provision was breached." *United States v. Balentine*, 569 F.3d 801, 807 (8th Cir. 2009) (noting that the intended beneficiaries of the statute's procedural mechanisms are the victims, not the defendants).

Calculating a sentence under the United States Sentencing Guidelines and calculating an award of restitution are not the same. *United States v. Messner*, 107 F.3d 1448, 1455 (10th Cir. 1997). Restitution statutes limit restitution to the loss caused by the specific conduct that is the basis of the offense of conviction. *Hughey v. United States*, 495 U.S. 411, 418 (1990). On the other hand, acts that merely relate to the offense of conviction, but which are outside the actual offense of conviction itself, can be considered relevant conduct under the Guidelines. *Id.*; See U.S.S.G. §§ 1B1.3 and 2B1.1. The

Guidelines take into consideration relevant conduct and allow a court to consider actual or intended loss for the purposes of sentencing.  U.S.S.G. §§ 1B1.3 and 2B1.1.

It is clear that a properly behaved criminal defendant has the constitutional right to be present at all phases of his or her trial. *Illinois v. Allen*, 397 U.S. 337, 338 (1970); *United States v. Shepherd*, 284 F.3d 965 (8th Cir. 2002).  The right is guaranteed by the Sixth Amendment's Confrontation Clause, as well as required by the Fifth and Fourteenth Amendment, "to the extent that a fair and just hearing would be thwarted by [the defendant's] absence." *Snyder v. Massachusetts*, 291 U.S. 97, 108 (1934).  "[T]he right to be present during all critical stages of the proceedings . . . [is] subject to harmless error analysis." *Rushen v. Spain*, 464 U.S. 114, 118 n. 2 (1983).  The test for determining whether a particular proceeding is itself a critical stage is whether the presence of the defendant is necessary to preserve the defendant's basic right to a fair trial.  *See, e.g., United States v. Wade*, 388 U.S. 218, 227 (1967) (involving right to counsel).  "If the denial of the right to be present rises to the level of a constitutional violation, then 'the burden is on the prosecution to prove that the error was harmless beyond a reasonable doubt.'" *United States v. Marks*, 530 F.3d 799, 812-13 (9th Cir. 2008).

    B.  Analysis

The court first finds that it need not address the government's contention of procedural default with respect to defendant's claims of ineffective assistance of counsel in negotiating the plea agreement and at sentencing or defendant's other contentions with respect to sentencing because those claims can be disposed of on the merits.  With respect to defendant's claim of a constitutional violation in connection with the restitution

hearing, the court finds the defendant has shown that ineffective assistance of counsel presents cause to excuse any procedural default.

The record shows that Johnson agreed in the plea agreement to an amount of loss of between $1 million and $2.5 million. He has not established that the agreement was not entered into knowingly and voluntarily. He has not established that counsel was ineffective in negotiating the agreement or in informing him of the effect the agreement would have on his sentence. He acknowledged under oath that he had read the PSR and had consulted with his attorney. The defendant did not object to the amount of loss in the PSR. Johnson has not shown that his counsel performed outside the range of reasonable professional assistance or that counsel's performance resulted in prejudice. The amount of restitution later established and ordered by the court is of no consequence to the determination of the amount of loss.

At the sentencing hearing, the parties stipulated that the enhancement for number of victims was correct. Again, defendant has not shown that defense counsel's representation did not fall below the standard for reasonable professional representation in connection with that accession. The number of victims was based on the testimony of the investigating officer. Johnson agreed to inclusion of relevant conduct dating back to 2002 and there has been no showing that there was any evidence to the contrary. The fact that some victims may have failed to file a proper or timely claim for restitution does not affect the calculation of number of victims for purposes of Guidelines calculation.

The record shows Johnson did not receive an adjustment for vulnerable victims. This court sustained the defendant's objection at sentencing. Accordingly, Johnson's motion to vacate based on the vulnerable victim enhancement will be denied.

With respect to Johnson's allegations of ineffective assistance of counsel, Johnson contends that the plea agreement contemplated a sentence of 33 to 41 months and the court increased his sentence to 54 months based in part on facts that were disputed at sentencing to which his counsel did not object.  The plea agreement did not include a sentencing range of 33 to 41 months, it stipulated that relevant conduct occurred "between 2002 and 2005," and stipulated to an amount of loss of over $1 million and is less than $2.5 million.  Further, Johnson has not established ineffective assistance in counsel's failure to request a delay in sentencing until restitution amounts could be established.  As noted, the determination of restitution is a separate issue from determination of loss for sentencing purposes.  Johnson had agreed to an amount of loss.  Given the fact of the stipulation, it was not outside the range of competent professional assistance for defense counsel to agree to the adjusted guideline range.  Furthermore, Johnson has not shown that the court would have granted such a continuance had it been requested.

With respect to Johnson's challenge to the restitution order, the court notes that such challenges generally involve payment schedules that are administered by the Bureau of Prisons and accordingly must be brought in the district in which the defendant is confined as a challenge to conditions of confinement.  In this case, however, the defendant's allegations with respect to the restitution order is a constitutional claim.  The defendant is presently incarcerated in this district and the court accordingly has jurisdiction over the restitution claim.  The defendant has shown that he was denied his constitutional right to be present at the restitution hearing, a critical stage of the proceedings.  There is no evidence to refute his testimony.  The government concedes that he had a right to be present at the hearing, but argues that it cannot show that prejudice resulted from his

absence. Because the burden is on the government to show harmless error, the court finds that the defendant should be afforded an opportunity in a hearing to raise whatever challenges he would have raised at the restitution hearing if properly noticed. The court finds the defendant's motion to vacate, set aside or correct his sentence should be denied in all other respects. Accordingly,

IT IS ORDERED:

1. Defendant's motion to vacate, set aside or correct his sentence (Filing No. 37) is denied.

2. Defendant's amended motion to vacate, set aside or correct his sentence with respect to restitution (Filing No. 54) is granted in part and denied in part.

3. A hearing at which the defendant may raise challenges to the amount of restitution previously ordered by the court will be held in Courtroom No. 3, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska, **on December 17, 2009, at 1:30 p.m. The defendant must be present for this hearing.**

DATED this 20th day of November, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.