IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:06CR176 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| DOUGLAS C. JOHNSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court after a restitution hearing on March 3, 2010. This court earlier granted the defendant a hearing after a showing that he had been denied his constitutional right to be present at the restitution hearing on April 3, 2007.

I. Facts

After the original restitution hearing, the court had ordered Johnson to pay restitution to 25 victims in the total amount of $525,612.74. Filing No. 32, Report and Recommendation ("R&R"); Filing No. 35, Restitution Order. The court's determination of the original amount of restitution was based on the government's proposed restitution list. *See* Filing No. 22, Proposed Restitution List. The court takes judicial notice of that pleading. The government's list covers claims for losses sustained during the period of January 1, 2002, through December 31, 2005. *Id.* at 1.

Johnson has been afforded an opportunity to review the records on which the government based its proposed calculations of losses. At the hearing, Johnson testified that it was the first time he had seen the documents. Based on his review of the documents and his memory of events, he compiled a "Summary Comparison of Amounts Due" ("comparison"). *See* Exhibit ("Ex.") 101. He testified that the purpose of the

compilation is to show that some of the restitution awarded is excessive or incorrect. He argued that his agreement with the government provides for restitution for losses that occurred after June 19, 2002, rather than after January 1, 2002.[1] The government did not dispute that contention and agrees that losses incurred between January 1, 2002, and June 19, 2002, should not be included in the restitution order.

Johnson also contends that the court's restitution order does not reflect some payments that he made to the victims. In the comparison, Johnson outlines the amounts of, and the reasons for, his challenges to the restitution awards. He does not challenge the calculations with respect to Randy and Jenny Elbracht, Linda and Bill Humphrey, Gladys Sternberg Janda, Shirley Lichty, Cindy Sand, James Sledge, George Slenker, and Richard Speth.

Johnson testified that the restitution due to Mavis Malstead and Georgia Nelson should be reduced to zero because both of those individuals are deceased. Alternatively, if the court were to find their claims survive, he argues that Malstead is not entitled to restitution because her loss predates June 19, 2002, and the restitution to Nelson should reflect that he made a payment to her in the amount of $3,000. Johnson further testified that he made a payment in the amount of $3,000 to Donald Dohse and a payment of $1,000 to Darrell Forbes. Johnson's comparison shows payments of $425 to Sally Grice, $2,000 to Donna Johns, $7,800 to Shirley Potter and $653 to Steven Spring and Sue Ann

---

[1] Based on his understanding of the court's judgment waiving interest, Johnson also argued that he was entitled to credit for certain payments under the theory that the victims were entitled to restitution for only the principal amount they invested, not interest. Johnson's understanding of the court's order was incorrect. The court's "waiver of interest" applied only to prospective interest from the date of judgment. *See* Filing No. 14, Judgment at 5. At the hearing, Johnson abandoned his claim that the victims cannot recover losses characterized as interest and the court will not address the issue.

(Spring) Saltarelli that he contends are not reflected in the earlier restitution order. Johnson also testified, however, that he has no records that would support his testimony that he made payments to the individuals. He stated that his former attorney would not provide the records and he was unable to search his own records because he is incarcerated or to obtain copies of cancelled checks because he lacks funds.

Johnson also contends that the amounts of restitution ordered to Sheila Howe, Shari Macht, Robert and Janie Peterson, Theresa Buchanan, Sally Grice, and Donna Johns should be reduced because part or all of their losses occurred outside the relevant time period. With respect to the date of the victims' losses, the magistrate judge found that Sheila and Arben Howe made an investment of $30,000 with the defendant on January 29, 2002. Filing No. 32, R&R at 5. He determined that George and Shari Macht invested $13,767.19 on August 15, 2005. *Id.* at 4. He found that Robert C. Peterson and Janie R. Peterson invested $17,697 after January 3, 2002. *Id.* The government's list shows the losses continued into November 2005. Filing No. 22, List at 3. The magistrate judge further found that Theresa Buchanan invested $26,000 between February 12, 2002, and March 2, 2004. Filing No. 32 at 3. Sally Grice invested $59,865.90 from May 21, 2003, through June 21, 2005. *Id.* Donna Johns invested in November 2002 and May 2003. *Id.* at 4. Mavis P. Malstead invested at an unspecified date in 2002. *Id.* The court adopted those findings. Filing No. 35, Order. Johnson has not presented evidence that contests those findings.

Jay Bruner, a United States Postal Inspector who participated in the investigation of the case, also testified at the hearing. He agreed that the relevant date for the calculation of losses should be June 19, 2002. He testified that he had spoken to several

3

victims. He testified that Shari Macht stated that a $13,000 check from Johnson had bounced. He also stated that Donald Dohse said that he had received a payment in the amount of $3,000 from Johnson. He further testified that Sally Grice stated that she had received a payment in the amount of $425 from Johnson. Darrell Forbes, a victim, also testified at the hearing. He stated that he had not received $1,000 from Johnson.

II. Discussion

The government concedes that restitution should only be allowed for losses that occurred between June 19, 2002, and December 31, 2005. Accordingly, the court finds that any loss as a result of a new or continuing act of fraud after June 19, 2002, is compensable. The court further finds that Johnson is entitled to an offset for any payments that he made to the victims that are not reflected in their claims. However, the court finds that Johnson has not provided the court with adequate proof that such payments were made. His testimony with respect to the amounts and timing of the payments is vague and the fact of payment is unsupported and has been challenged by at least two of the victims. Johnson will soon be eligible for release and should then be able to obtain satisfactory proof, such as cancelled checks, of any payments he made. At that time, the court will entertain a motion to reduce or satisfy ordered restitution.

Based on the record, with the exception of two victims, Johnson's contentions that the victims' losses occurred outside the relevant period are without merit. The record shows that the government has not proven that the $30,000 loss incurred by Sheila and Arben Howe and the $5,102 loss incurred by Mavis Malstead were sustained within the relevant period. Accordingly, the defendant will not be ordered to pay restitution to those victims.

The court further finds that the claim of the deceased victim, Georgia Nelson, survives her death and the personal representative of her estate is entitled to restitution if a claim is asserted. If and when any restitution payments are made, the clerk of court will determine if payment is to be made to the personal representative. Accordingly,

IT IS ORDERED that:

1. The court's earlier order of restitution (Filing No. 35) is vacated.

2. Restitution is ordered as follows:

| Name of Payee | Total Amount of Loss | Amount of Restitution |
|---|---|---|
| Theresa Buchanan | $26,000.00 | $26,000.00 |
| Donald Dohse | $30,000.00 | $30,000.00 |
| Randy and Jenny Elbracht | $6,400.00 | $6,400.00 |
| Darrell Forbes | $8,325.00 | $8,325.00 |
| Sally Grice | $59,865.90 | $59,865.90 |
| Sheila and Arlen Howe | $30,000.00 | $0 |
| Linda Humphrey | $30,500.00 | $30,500.00 |
| Gladys Sternberg Janda and Frank Janda | $7,400.00 | $7,400.00 |
| Donna Johns | $37,000.00 | $37,000.00 |
| Robert and Janie Peterson | $17,697.00 | $17,697.00 |
| Shirley Potter | $57,770.00 | $57,770.00 |
| Shirley Lichty | $10,000.00 | $10,000.00 |
| George and Shari Macht | $13,767.19 | $13,767.19 |
| Mavis Malstead | $5,102.00 | $0 |

| | | |
|---|---|---|
| Georgia Nelson | $25,531.74 | $25,531.74 |
| Cindy Sand | $2,000.00 | $2,000.00 |
| James Sledge | $5,000.00 | $5,000.00 |
| George Slenker | $36,000.00 | $36,000.00 |
| Richard Speth | $4,000.00 | $4,000.00 |
| Steven Spring and Sue Ann (Spring) Saltarelli | $113,253.91 | $113,253.91 |
| Totals | $525,612.74 | $490,510.74 |

DATED this 3rd day of May, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.